## Miller v. Williams.

(Decided June 1, 1911.)

### Appeal from Bell Circuit Court.

Ejectment—Evidence examined and conclusion reached that the land sought to be recovered in the ejectment action was not embraced in a mortgage executed by the grantor of the plaintiff before the land described in the petition was conveyed to her.

N. J. WELLER for appellant.

J. C. JONES and CHARLES W. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee brought this action in ejectment against the appellant to recover the possession of a tract of land containing seven acres described in the petition and known as the "China Haun" place. The appellant in his answer asserted that he was the owner of the land described in the petition by virtue of the fourth clause of a mortgage made to him by P. Hendrickson, reading as follows:

"Eighty acres of land on the Cumberland River and the L. & N. railroad, beginning corner of which is at or near Four Mile switch, being part of the "Home Place" of grantors, and being the same land inherited by grantor, P. Hendrickson, from his father, and bought by him of his co-heirs, and more particularly described in the deeds conveying same to said P. Hendrickson from Thomas Hendrickson and others."

So that the only question in the case is—does the mortgage cover the land described in the petition. If it does not, the judgment should be affirmed.

There is conflict in the evidence but we think the weight of it conduces to show that the land described in

the petition is separated from the land embraced in the mortgage by a public road as well as by the land owned by other parties, and that it is not covered by the mortgage. The "Home Place" of P. Hendrickson and the land conveyed to him as stated in the mortgage is on one side of the county road, and the "China Haun" land is on the other side of the road, and the "China Haun" land was never known or understood to be a part of the "Home Place" of P. Hendrickson. It further appears that in 1894 P. Hendrickson, appellant's mortgagor, sold and conveyed the land described in the petition to Elizabeth Hendrickson, and that in 1898 Elizabeth Hendrickson conveyed this land to appellee; while the mortgage through which appellant claims title was executed by P. Hendrickson in 1896—so that, Hendrickson did not own the land described in the petition at the time he executed the mortgage. If the description in the mortgage includes the land conveyed by Hendrickson to Elizabeth Hendrickson, it could not of course have created a lien upon it.

The lower court found as a matter of fact that the mortgage was not intended by Hendrickson to cover and did not embrace any portion of the land described in the petition. And further found that the Home Place of P. Hendrickson where he lived and resided at the date of the mortgage was situated on the right side of the county road going up the creek, and that the intention of the grantor in the mortgage was to convey the Home Place and no part of the tract of land described in the petition, which is separate and distinct therefrom, and was owned at the time of the mortgage by Elizabeth Hendrickson.

We have carefully read the record and have reached the conclusion that the judgment of the lower court is correct. Wherefore, it is affirmed.